IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01210-WDM-BNB

TRACEY L. HANSEN,

Plaintiff,

v.

JOE ORTIZ, in his official and individual capacity,
DR. SHAMES, in his official and individual capacity,
JOAN SHOEMAKER, in her official and individual capacity,
MITRA RAZZAGHI, in her official and individual capacity,
DEBRA RILEY, in her official and individual capacity, and
TONY DECESARIO, in his official and individual capacity,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff, who is proceeding *in forma pauperis*, has failed to comply with the court's order that she make monthly payments in partial satisfaction of the filing fee or show cause why she cannot make such payments. As a consequence, I respectfully RECOMMEND that this case be DISMISSED without prejudice.

The plaintiff initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on June 16, 2005. On July 14, 2005, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and was ordered to pay an initial partial filing fee of $26.00.

The July 14 Order requires the following:

> FURTHER ORDERED that, after payment of the initial partial
> filing fee, the plaintiff shall be required to make monthly payments

> of twenty percent (20%) of the preceding month's income credited to her trust fund account or show cause **each month** as directed above why she has no assets and no means by which to make the monthly payment.  Plaintiff is directed to make the necessary arrangements to have each monthly payment identified by the civil action number on this order.

Order, entered July 14, 2005, at p.2 (emphasis added).

The July 14 Order instructed the plaintiff that in order to show cause why she cannot make a required monthly payment she "must file a current certified copy of [her] trust fund account statement."  Id.

The plaintiff made her initial partial filing fee payment on August 4, 2005.  No further payments were made, however, and no trust fund account statements were submitted by the plaintiff.  Consequently, on November 3, 2005, I entered an order requiring the plaintiff to make her monthly filing fee payment or to show cause why she could not.  Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause [Doc. # 32, filed 11/3/05] (the "Order to Show Cause").  As the Order to Show Cause stated, the plaintiff had failed to make any monthly payments whatsoever after her initial partial filing fee in August, or to show cause why she could not.  The Order to Show Cause allowed the plaintiff 15 days to make the required monthly payments or to show cause why she could not.  The Order to Show Cause also warned the plaintiff as follows:

> Nor is it acceptable for plaintiff to meet her monthly obligations only when specifically called upon by the court through an order to pay of show cause.  Such a procedure unreasonably burdens the court.  Consequently, hereafter I will require the plaintiff, on or before the 15th day of **each** month and without any further notice from or order of the court, either to make the required monthly payment for the preceding month or to file a certified copy of her inmate trust fund account statement for the preceding month

> demonstrating that she has no assets and no means by which to
> make the monthly payment. If plaintiff fails hereafter to comply
> with this requirement in any month prior to the date on which the
> filing fee is paid in full, I will recommend that the case be dismissed
> for failure to comply with this order and with the order allowing
> plaintiff to proceed *in forma pauperis* entered July 14, 2005.

Order to Show Cause, at p.2 (original emphasis).

The plaintiff sought an extension of time to comply with the Order to Show Cause, and she made a monthly payment of $20.00 on November 22, 2005. She made another monthly payment of $20.00 on December 20, 2005. No payment has been received by the 15th day of January, or as of the date of this recommendation, however, nor has the plaintiff submitted a certified copy of her trust fund account statement demonstrating that she lacks funds to make the required monthly payment.

In Cosby v. Meadors, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit Court of Appeals addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders to make partial payments towards his filing fee or to show cause why he could not do so. In affirming the district court's order dismissing the case, the circuit court began its analysis by noting:

> The issue here is not money per se. . . .  The issue, rather, is respect
> for the judicial process and the law. Plaintiff must lose his right to
> pursue his claim in court because of his utter unwillingness to make
> the minor sacrifices required by statute and by the repeated
> directives of a patient district court.
>
> \* \* \*
>
> These fee provisions are intended to reduce frivolous prisoner
> litigation by making all prisoners seeking to bring lawsuits or
> appeals feel the deterrent effect created by liability for filing fees.

Id. at 1326-27 (internal citations and quotations omitted). Although the misconduct reported in

3

the Cosby case was substantially more egregious than the misconduct here, the circuit court noted that its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice." Id. at 1334.

The plaintiff here has failed to comply with the Order of July 14, 2005, allowing her to proceed *in forma pauperis* and also has failed to comply with the November 3, 2005, Order to Show Cause. Rule 41(b), Fed. R. Civ. P., provides that a district court may dismiss an action if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." Similarly, local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and address the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby, 351 F.3d at 1333.

Here, there is no actual prejudice to the defendants. The plaintiff's actions do interfere with the judicial process, however. Principally, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in*

4

*forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the court to exercise its case administration authority. Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

The plaintiff alone is responsible for her failure to comply. There is no suggestion that prison officials interfered with the plaintiff's ability to make payments or file current certified copies of her trust fund account statements. See id. at 1331.

The plaintiff was warned in advance that her failure to make monthly payments or show cause why she cannot, and her failure to comply with the Order to Show Cause, could result in dismissal of the case.

Finally, I conclude that no sanction lesser than dismissal would be effective. The plaintiff is proceeding *in forma pauperis*; consequently a monetary sanction would be ineffective. Because the injury from the plaintiff's failures to comply is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no relation to the misconduct. The plaintiff has demonstrated an unwillingness to comply with orders of the Court.

I respectfully RECOMMEND that the plaintiff's complaint and this action be DISMISSED WITHOUT PREJUDICE for failure to make monthly payments or to show cause why the payments cannot be made, and for failure to comply with the Order to Show Cause.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 30, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge